UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03 CV 12235 RGS

THOMAS WETMORE by and
through his mother and next
best friend, JAMIE WETMORE
and JAMIE WETMORE
and JOHN WETMORE, Individually

MAGISTRATE JUDGE Cohen

    Plaintiffs,

vs.

MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY

    Defendant

AMOUNT $150   5/1688
SUMMONS ISSUED  yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK  EOM
DATE 11/13/03

# COMPLAINT

### JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states.

### COUNT ONE

1.    The Plaintiff, Thomas Wetmore, is a minor and brings this claim through his mother and next best friend, Jamie Wetmore, who resides at 823 Candia Road, Chester, New Hampshire in the County of Rockingham.

2.    The Defendant, Medical Liability Mutual Insurance Company, at all times herein mentioned, was a corporation providing medical malpractice insurance to physicians and maintained place of business in the State of New York.

3.    This is an action for damages pursuant to Regulations of Business Practices for Consumer Protection, G.L. c. 93A, section 2 and section 9 (1) & (3) as said regulations

1

relate to the unfair methods of competition and unfair and deceptive acts and practices and that business of insurance, G.L. c. 176D, section 3, clause 9(f).

4. On or about July 27, 2000 the Plaintiffs filed a Complaint in the Essex County, Commonwealth of Massachusetts, Superior Court alleging that the Barry W. Burrows, M.D. fell below the standard of care of the average qualified obstetrician/gynecologist in his care and treatment of Plaintiff Jamie Wetmore on August 13, 1998 through April 14, 1999.

5. Following the completion of discovery, it became reasonably clear that Barry W. Burrows, M.D. fell below the standard of care of the average qualified obstetrician/gynecologist in his care and treatment of Plaintiff Jamie Wetmore on August 13, 1998 through April 14, 1999.

6. As a result of the medical negligence of Barry W. Burrows, M.D. the minor child Thomas Wetmore suffered severe permanent physical injury at birth.

7. Defendant, Medical Liability Mutual Insurance Company, insured Barry w. Burrows, M.D. for medical malpractice matters in the amount of One Million ($1,000,000.00) Dollars.

8. On March 27, 2003 a detailed letter of demand outlining the failure of Barry W. Burrow, M.D. was sent to the Medical Liability Mutual Insurance Company on behalf of the Plaintiffs demanding the amount of One Million ($1,000,000.00) Dollars.

9. Defendant, Medical Liability Mutual Insurance Company, did not make an offer of settlement in response to the letter of demand.

10. In April 2003 the parties attended mediation ordered by the Essex County Superior Court. The Defendant, Medical Liability Mutual Insurance Company, at the mediation made no settlement offer.

11. On September 29, 2003 the Plaintiffs sent a final letter of demand pursuant to M.G.L. c. 93A, M.G.L. c. 176D, section 3.

12. The conduct of the defendant, Defendant Medical Liability Mutual Insurance Company, in failing to respond to Plaintiffs' communication of September 29, 2003 with an offer to equitably, promptly and fairly settle this claim where liability has become reasonably clear constitutes unfair claims settlement practices by reason of the following act or omission under M.G.L. c. 176D, section 3:

Section 9 - Unfair Claims Practices

And unfair claim settlement practice shall consist of any of the following acts or omissions:

(f) Failing to effectuate prompt, fair and equitable settlements of claims which liabilities has become reasonably clear;

13. The prohibiting conduct referred to in paragraph eleven and twelve in this complaint violates the provision of M.G.L. c. 93A section 2 which states: unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

17. The acts and practices of Defendant, Medical Liability Mutual Insurance Company that resulted in the loses hereinafter described, were done willfully or knowingly in violation of M.G.L. c. 93A section 2 as set forth above.

18. On September 29, 2003, the Plaintiff issued to Defendant, via certified mail, return receipt requested, a written demand for relief pursuant to M.G.L. c. 93A, identifying the claim and reasonably describing the unfair or deceptive acts or practices relied upon and the injuries suffered. The written demand for relief dated September 29, 2003, and received by the defendants shortly thereafter is attached hereto and incorporated by reference as Exhibit 1.

19. During the thirty (30) days during which an offer or tender of settlement may have been made as prescribed by M.G.L. c. 93A, section 9 (3), the defendant, the Defendant, Medical Liability Mutual Insurance Company, failed to respond to plaintiff's 93A demand letter with a reasonable offer of settlement. In fact, the defendant responded on the thirtieth day with a letter, which did not include any offer of settlement.

20. Defendant, Medical Liability Mutual Insurance Company's, refusal to grant adequate relief upon demand was made in bad faith with knowledge or reason to know that the acts or practices complained of violated M.G.L. c. 93A, section 2.

21. By reason of the Defendant Medical Liability Mutual Insurance Company's past, present and continuing unfair claims to settlement practices, as set forth above in this complaint, Plaintiff has and continues to be damaged by Defendant's delay or avoidance, whereby Defendant has been, is now and shall continue to realize unjust enrichment through interest and invested investment income for sums of money that defendant, ought to have paid over to the Plaintiff for said violation enumerated above.

Wherefore, Plaintiff prays as follows:
a. that the damages actually caused to plaintiff for the unfair and deceptive act or practices complained of have been established;
b. that judgment entered pursuant to M.G.L. c. 93A, section 9 (3) in the amount double or triple the actual damages established in section "a" above;

c.      that the Plaintiff be awarded reasonable attorney's fees pursuant to M.G.L. c, 93A, section 9(4);

d.      that Plaintiff be awarded costs incurred in connection with this action pursuant to M.G.L. c. 93A section 9(4);

e.      that this Honorable Court order such other relief as deemed proper and necessary under the circumstances.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS

Respectfully submitted this 11th day of November, 2003

The Plaintiffs By and Through Counsel,

Kenneth M. Levine, BBO# 296850
Kenneth M. Levine & Associates
370 Washington Street
Brookline, Massachusetts 02445
617-566-2700

4