UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 DEC 15  P 4: 03

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| THOMAS WETMORE by and through his mother ) <br> and next best friend, JAMIE WETMORE and ) <br> JAMIE WETMORE and JOHN WETMORE, ) <br> Individually, ) <br>     Plaintiffs ) <br> ) <br> V. ) <br> ) <br> MEDICAL LIABILITY MUTUAL ) <br> INSURANCE COMPANY, ) <br>     Defendant ) | DOCKET NO. 1:03-cv-12235-RGS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, MEDICAL LIABILITY MUTUAL INSURANCE COMPANY'S, MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO STAY

Now comes the defendant, Medical Liability Mutual Insurance Company, and hereby moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the plaintiffs' Complaint, or, in the alternative, for an order to stay the action pending resolution of the underlying malpractice claim. As grounds in support of this motion, the defendant states that the dismissal or stay is mandated as the plaintiffs are seeking to pursue purported unfair and deceptive insurance practice claims under Mass. Gen. Laws ch. 93A/176D against the defendant, while the underlying medical malpractice claim pertaining to the defendant's insured remains unresolved and disputed. In fact, a trial in the underlying medical malpractice claim is currently scheduled to go forward on January 5, 2004 in the Essex Superior Court. Therefore, the plaintiffs' action is premature and must be either dismissed or stayed.

As further grounds in support of this Motion, the defendant states as follows.

## BACKGROUND

In their Complaint, the plaintiffs allege that plaintiff Jamie Wetmore received negligent treatment from a Dr. Barry W. Burrows from approximately August 13, 1998 through April 14, 1999. *A copy of the plaintiffs' Complaint is appended hereto as Exhibit No. 1.* Dr. Burrows is insured by Medical Liability Mutual Insurance Company. The plaintiffs allege that Dr. Burrows's care resulted in severe permanent physical injury to plaintiffs' minor child, Thomas Wetmore. Based on these allegations, the plaintiffs filed a negligence action against Dr. Burrows on or about July 31, 2000 with the Essex Superior Court. That suit is still pending, and a trial is currently scheduled to take place on January 5, 2004. *See copy of On-Line Docket Report from the* <u>Wetmore v. Burrows</u> *action appended hereto as Exhibit No. 2.*

While the underlying negligence suit against Dr. Burrows was still pending, the plaintiffs initiated the instant action against Medical Liability Mutual Insurance Company based on the latter's alleged violations of Mass. Gen. Laws ch. 93A and 176D. This action against Medical Liability Mutual Insurance Company was initiated on or about November 13, 2003. *See copy of On-Line Docket Report in the* <u>Wetmore v. Medical Liability Mutual Insurance Company</u> *action appended hereto as Exhibit No. 3.*

In their Complaint against Medical Liability Mutual Insurance Company, the plaintiffs allege that on or about March 27, 2003 they forwarded a letter to Medical Liability Mutual Insurance Company outlining the failures of Dr. Burrows. In said letter, the plaintiffs made a settlement demand of One Million ($1,000,000.00) Dollars. According to the plaintiffs, Medical Liability Mutual Insurance Company did not make an offer of settlement in response to their March 27, 2003 letter. The plaintiffs further allege that in April 2003 they parties attended a mediation ordered by the Essex Superior Court. According to the plaintiffs, Medical Liability Mutual Insurance Company made no settlement offer at this mediation. The plaintiffs go on to

state in their Complaint that on or about September 29, 2003, they sent a final letter of demand pursuant to Mass. Gen. Laws ch. 176D, § 3 to Medical Liability Mutual Insurance Company. According to the plaintiffs, Medical Liability Mutual Insurance Company failed to respond to this September 29, 2003 letter. The plaintiffs claim that the conduct of Medical Liability Mutual Insurance Company in failing to respond to their September 29, 2003 letter constitutes unfair claims settlement practices.

## ARGUMENT

I.    THE PLAINTIFFS' ACTION IS PREMATURE AND MUST BE DISMISSED OR STAYED.

The plaintiffs' action must be dismissed, or in the alternative stayed, as it is premature. The plaintiffs' action is premised on the allegedly bad faith handling of the plaintiffs' allegations of medical malpractice against Dr. Burrows, a Medical Liability Mutual Insurance Company insured. However, the underlying claims against Dr. Burrows remain unresolved and disputed. In fact, a trial is scheduled to take place in said action on January 5, 2004. *See Exhibit 2*. Until the underlying claim is resolved by either settlement or a judgment, the plaintiffs cannot be permitted to pursue a bad faith insurance practice claim against Medical Liability Mutual Insurance Company. To do so would allow the case to proceed in the wrong order and pose serious and irreparable harm to Dr. Burrows.

A.    Massachusetts Practice Requires Resolution Of The Underlying Claim Against The Insured Prior To Pursuing Any Bad-Faith Insurance Practice Claim Against The Insurer.

While the full panel of neither the Massachusetts Supreme Judicial Court nor the Appeals Court have specifically addressed the issue of whether a bad faith insurance handling claim under Mass. Gen. Laws ch. 93A/176D may proceed against an insurer before resolution of the

underlying tort action, the practice is well-established. Indeed, those courts that have addressed the issue, including various single justices of both the Supreme Judicial Court and the Appeals Court, have held that it is inappropriate to proceed with litigating a 93A or 176D claim against a liability insurer while the underlying tort action has not been resolved against the insured. See, e.g., Belcher v. Pawtucket Mutual Insurance Co., No. 89-J-672 (Kass, J., September 27, 1989); Gross v. Liberty Mutual Insurance Co., No. 84-0138 (Kass, J. April 24, 1984). *Copies of the Belcher and Gross opinions are appended hereto as Exhibit No. 4.*

The Massachusetts Appellate Division of the District Court has likewise held that a 93A action against an insured must be stayed pending the outcome of the underlying tort action against the insured. Bixby v. Allstate Ins. Co., 1986 Mass. App. Div. 118. Indeed, requiring the resolution of the underlying claim before proceeding against the applicable liability insurer is supported by statute. See Mass. Gen. Laws ch. 175, § 113.[1]

The above Massachusetts precedent is not alone. Specifically, Massachusetts is among only a few jurisdictions that even allow a third party claimant a right of action against an insurer under analogous bad faith statutes. See Herrig v. Herrig, 844 P.2d. 487, 493 (Wyo. 1992). Among those few jurisdictions that do recognize such a statutory right of action, the defendant is not aware of any that allow a third party complainant to proceed against the insurer prior to a resolution of the underlying claim. See, e.g., Royal Globe Ins. Co. v. Superior Court, 592 P.2d 329 (Cal. 1979), *rev'd on other grounds*, Moradi-Shalal v. Firemen's Fund Ins. Co., 758 P.2d 58

---

[1] Upon the recovery of a final judgment against any person by any person including executors or administrators, for any loss or damage specified in the preceding section, if the judgment debtor was at the accrual of the cause of action insured against liability therefore, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment as provided in the ninth clause of section three of chapter two hundred and fourteen.

(Cal. 1988); <u>Fode v. Farmers Ins. Exchange</u>, 719 P.2d 414, 417 (Mont. 1986); <u>Jenkins v. J.C. Penney Cas. Ins. Co.</u>, 280 S.E.2d 252, 259 (W.V. 1982).[2]

In addition to the above precedent, it is a matter of practical commonsense that the underlying tort action be resolved prior to proceeding with a "bad faith" claim. Indeed, if the insured in the underlying tort action prevails there can be no successful bad faith claim as a matter of law as the claimants have not been adversely affected. <u>Van Dyke v. St. Paul Fire & Marine Ins. Co.</u>, 388 Mass. 671, 675 (1983); <u>Gurnack v. John Hancock Mutual Life Ins. Co.</u>, 406 Mass. 748 (1989); <u>Chubb v. Electric Ins. Co.</u>, 17 Mass. App. Ct. 61 (1983); <u>see</u> <u>also</u> <u>Behn v. Legions Ins. Co.</u>, 173 F.Supp. 2d 105 (D. Mass. 2001).

In <u>Van Dyke</u>, for instance, claimants in a medical malpractice claim asserted that the underlying insurer for the defendant in that case had failed to conduct a reasonable investigation and failed to make a settlement offer in response to a Mass. Gen. Laws ch. 93A demand letter when liability was reasonably clear. Following the subsequent resolution of the underlying

---

[2] In <u>Royal Globe</u>, the California Supreme Court held that the California Unfair Practices Act created a private cause of action for a third-party claimant to sue an insurance company for bad faith, but that the bad faith action could not proceed until the insured's liability was determined in the underlying action. <u>Royal Globe</u>, 592 P.2d at 337. In <u>Moradi-Shalal</u>, the California Supreme Court reconsidered its holding in <u>Royal Globe</u> and held that no such private cause of action exists, but the court declined to apply its holding retroactively. <u>Moradi-Shalal</u>, 758 P.2d at 69. The court provides a detailed discussion of the rules that would govern the pending bad faith actions and reiterated such claims could not proceed until disposition of the tort action against the insured. <u>Id</u>.

While Montana and West Virginia recognize a right of action by the third party claimants, both states have held that the bad faith action is not permitted to proceed until resolution of the underlying tort action. <u>See</u> <u>Fode v. Farmers Ins. Exchange</u>, 719 P.2d at 417; <u>Jenkins v. J.C. Penney Cas. Ins. Co.</u>, 280 S.E.2d at 259. The Court in <u>Fode</u> overruled the earlier decision in <u>Klaudt v. Fink</u>, 658 P.2d 1065 (Mont. 1983) (which was mentioned by the Massachusetts Appellate Division in <u>Bixby</u>, 1986 App. Div. at 118). <u>Klaudt</u> had held that a bad faith insurance practice claim for failure to settle could proceed prior to resolution of the underlying claim. The Court in <u>Fode</u> emphatically reversed <u>Klaudt</u> stating in part:

> More than three years has elapsed since our decision in *Klaudt*. Experience in the field teaches us that a change in the procedure is necessary. The insurance company is put in a difficult position by having to defend a bad faith case before the underlying case has been determined. Discovery of the insurer's file in a bad faith case raises difficult "work product" "attorney-client" problems affecting the underlying case. The practice also allows for undue leverage to be exerted by forcing the insurer to face the prospect of two lawsuits with the additional costs incurred for defense.

<u>Fode</u>, 719 P.2d at 417.

malpractice claim in which a verdict was rendered for the plaintiff, the bad faith claim was addressed by summary judgment. The Court held that even assuming that the insurer "did not have adequate information to reject the G.L. c. 93A demand when it did, it ran the risk that subsequent events would not support its assertion that its insureds had a reasonable defense." Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. at 677. The Court, nonetheless, entered summary judgment for the insurer as the plaintiffs had not been adversely affected because at the time of trial, there did exist "a reasonable basis to dispute liability." Id. (emphasis added). In effect, the subsequent investigation and events disclosed a viable defense.

The holding and facts of Van Dyke are directly applicable here. Specifically, Medical Liability Mutual Insurance Company has the right and duty to conduct an investigation on behalf of Dr. Burrows which investigation remains ongoing. The issue of liability and damages continues to be investigated and the fact that the plaintiffs assert that liability was reasonably clear when they submitted their initial demand letter to Medical Liability Mutual Insurance Company back on March 27, 2003 is not controlling. Both liability and damages are disputed and Medical Liability Mutual Insurance Company continues to investigate all elements of the claim, and they will continue to do so up until the time of trial (which, as stated above, is currently scheduled to commence on January 5, 2004). Accordingly, where, as here, liability and damages on the underlying claim are disputed and the investigation remains ongoing, any bad faith insurance practice claim cannot proceed. It is not until the underlying claim is resolved that the extent or existence of any reasonable claim or damages in the bad faith action will be known.[3] Moreover, the plaintiffs may lose at trial of the underlying claim, thereby defeating any bad faith claim.

---

[3] Indeed, it may be that upon any resolution of the underlying claim pursuit of the bad faith claim may no longer be deemed worthwhile.

It is expected that, in opposition to the instant motion, the plaintiffs will point to the case of Rurak v. Medical Professional Mutual Insurance Company a/k/a ProMutual, No. 02-12274-PBS (D.Mass. 2003), wherein the Honorable Justice Patti B. Saris allowed a Chapter 93A claim to proceed against an insurer. However, the Rurak case is distinguishable from our case at bar because, in Rurak, the plaintiffs had not yet filed an underlying negligence action against the insured physician at the time the Mass. Gen. Laws ch. 93A claim was filed. In other words, at the time the insurer's Motion to Stay Chapter 93A Claim was heard, no underlying suit against the insured physician had been initiated. However, in our case at bar, the underlying suit against Dr. Burrows is well under way, and, in fact, is scheduled for trial within the next few weeks. *See copy of Rurak decision appended hereto as Exhibit No. 5.*

Moreover, it should be noted that, less than five months after her Order denying the insurer's Motion to Stay the Chapter 93A Claim, Justice Saris did, in fact, stay the bad faith action. This decision was based on the fact that, shortly after her denial of the insured's Motion to Stay, the plaintiffs did commence the underlying negligence action against the insured physician. Based on that fact alone, Justice Saris stayed the Chapter 93A pending resolution of the underlying action. *See copy of On-Line Docket Report in the Rurak case appended hereto as Exhibit No. 6.*

B.    An Order Of Dismissal Or Stay Is Necessary To Avoid Prejudice.

The need for an order of dismissal or stay of this action pending resolution of the underlying claim is particularly compelling for the additional reason that to do otherwise would result in potential abuse, severe hardship and prejudice. As Justice Kass of the Massachusetts Appeals Court has stated: "[t]o authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order." Belcher v.

Pawtucket Mutual Insurance Co., 89-J-672 Massachusetts Appeals Court (Kass, J. September 27, 1989). *See Exhibit 4*. The insured in this case, Dr. Burrows, has not had his day in court nor afforded his right to due process. This is not insubstantial, especially as a physician's rights and obligations as to licensing, reporting and privileges can be affected by medical malpractice claims and their resolution. Medical Liability Mutual Insurance Company, in turn, remains under substantial fiduciary and contractual duties to Dr. Burrows as to the underlying claim's investigation, defense and indemnity. These obligations, duties, and rights can only be severely prejudiced by allowing a bad faith settlement/handling claim such as this to proceed prior to resolution of the underlying claim. It is these compelling concerns and potential abuse that has resulted in the established practice in Massachusetts and other courts to conclude that the bad faith action should not proceed until the underlying claim is resolved. *See Exhibit No. 4*.

The dismissal or staying of this action until resolution of the disputed underlying claim would pose no undue hardship upon the plaintiffs. To the extent that the plaintiffs believe they have a viable claim and right to pursue an unfair insurance practice action against Medical Liability Mutual Insurance Company, those rights are not in anyway lost or affected by first requiring disposition of the underlying claim.

C.    Plaintiffs' Claims Under Mass. Gen. Laws ch. 176D § 3(9)(g) Must Be Dismissed.

As the underlying action remains unresolved, an order of dismissal without prejudice is mandated. Assuming the court believes that an order of stay is appropriate, an order of dismissal for failure to state a claim upon which relief can be granted must, nonetheless, enter as to that portion of plaintiffs' claim alleging a violation of Mass. Gen. Laws ch. 176D § 3(9)(g). *See Plaintiffs' Complaint at paragraph 46 appended hereto as Exhibit No. 1*. This provision prohibits "[c]ompelling insureds to institute litigation to recover amounts due under an insurance

8

policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds." The Massachusetts Supreme Judicial Court has made clear what the plain terms of this provision make express; it applies only to insureds. <u>Jacobs v. Arlington</u>, 402 Mass. 824, 829 (1988) ("This language [Mass. Gen. Laws ch. 176D § 3(9)(g)] creates no rights in persons other than the insured"). Not only are the plaintiffs not "insureds", but they have not recovered any judgment or amount in the underlying action to date. An order of dismissal for failure to state a claim as to this portion of plaintiffs' claim must therefore enter.

CONCLUSION

Based on the foregoing, the defendant, Medical Liability Mutual Insurance Company, respectfully requests that this Honorable Court allow its Motion to Dismiss, or, in the Alternative, Motion to Stay.

Respectfully submitted,
The Defendant, Medical Liability
Mutual Insurance Company,
By its attorneys,

Dated: December 15, 2003

Edward T. Hinchey, BBO #235090
Kelly A. Jumper, BBO #158872
Sloane and Walsh, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010

S:\WETMORE, THOMAS V. MEDICAL LIABILITY MUTUAL INSURANCE CO. - ML200-7459\Pleadings\Discovery\Memo in Support of Motion to Dismiss or Motion to Stay.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS WETMORE by and through his mother )
and next best friend, JAMIE WETMORE and )
JAMIE WETMORE and JOHN WETMORE, )
Individually, )
     Plaintiffs )
  )
V. )
  )
MEDICAL LIABILITY MUTUAL )
INSURANCE COMPANY, )
    Defendant )

DOCKET NO. 1:03-cv-12235-RGS

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel certifies that he has complied

with this Rule by informing counsel for the Plaintiff of Defendant, Medical Liability Mutual

Insurance Company's, Motion to Dismiss, or, in the Alternative, Motion to Stay.

Respectfully submitted,
The Defendant, Medical Liability
Mutual Insurance Company,
By its attorneys,

Dated: December 15, 2003

Edward T. Hinchey, BBO #235090
Kelly A. Jumper, BBO #158872
Sloane and Walsh, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010

S:\WETMORE, THOMAS V. MEDICAL LIABILITY MUTUAL INSURANCE CO. - ML200-7459\Pleadings\Discovery\Local Rule
Certification.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS WETMORE by and through his mother )
and next best friend, JAMIE WETMORE and )
JAMIE WETMORE and JOHN WETMORE, )
Individually, )
    Plaintiffs )
 )
V. )
 )
MEDICAL LIABILITY MUTUAL )
INSURANCE COMPANY, )
    Defendant )

DOCKET NO. 1:03-cv-12235-RGS

## CERTIFICATE OF SERVICE

I, Edward T. Hinchey, Esq., attorney for the Defendant, Medical Liability Mutual Insurance Company, hereby certify that copies of Defendant, Medical Liability Mutual Insurance Company's, Motion to Dismiss, or, in the Alternative, Motion to Stay; Memorandum of Law in Support of Defendant, Medical Liability Mutual Insurance Company's, Motion to Dismiss, or, in the Alternative, Motion to Stay; Request for an Oral Argument; and Local Rule 7.1(A)(2) Certification were served by mailing, postage prepaid, to:

Kenneth M. Levine, Esq.
Anneberg & Levine
370 Washington Street
Brookline, MA 02446
*Attorney for the Plaintiffs*

Dated: December 15, 2003

Edward T. Hinchey, BBO #235090
Kelly A. Jumper, BBO #158872
Sloane and Walsh, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010